### GORDON v. MANHATTAN DESK CO.

(Supreme Court, Appellate Term.　May 17, 1910.)

1. SALES (§ 38*)—VALIDITY—FALSE REPRESENTATIONS.

　Where plaintiff, a lawyer, on several occasions visited defendant's place of business and personally inspected a filing case for legal papers before buying it, he was not entitled to rescind the sale and recover a part of the price paid because of alleged false representations that the case was suitable to accommodate filing envelopes containing legal documents placed therein unfolded.

　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 67, 71; Dec. Dig. § 38.*]

2. SALES (§ 38*)—VALIDITY—FALSE REPRESENTATIONS—EXPRESSION OF OPINION.

　A seller's representation that a filing case was suitable to accommodate filing envelopes containing legal documents placed therein unfolded was but a statement of opinion, and could not be made the basis of an action for fraud.

　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 67; Dec. Dig. § 38.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Harry A. Gordon against the Manhattan Desk Company. Judgment for plaintiff, and defendant appeals.　Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Watson & Raymond, for appellant.

Harry A. Gordon, in pro. per.

GUY, J.　.This is an appeal from a judgment in favor of plaintiff, in an action tried by the court without a jury, to recover back $20 paid

by plaintiff on the purchase of a secondhand vertical filing case, which payment and purchase plaintiff alleges was induced by false and fraudulent representations made by defendant's representative to plaintiff as to the suitability of the filing case for the purpose of filing legal documents.

It appears that plaintiff visited defendant's place of business on several occasions, and personally inspected the filing case before purchasing. The plaintiff is a practicing lawyer, presumably having knowledge of the size of legal documents and of the space necessary for the filing of same. Plaintiff testified that after the purchase he discovered that the filing spaces in the article purchased were only 9 inches in width, and that the envelopes for filing legal documents were 15 inches in width, and upon discovering such fact he rescinded the sale, offered to return the filing case, and demanded the return to him of the money paid therefor. The defendant admits the sale and receipt of the $20, but denies the making of any false or fraudulent representations.

The alleged false representations, as testified to by the plaintiff, were to the effect that the article sold was "a legal document file suitable to accommodate filing envelopes containing legal documents placed therein unfolded." The defendant denies making any such statement; but, if made, such statement would not seem to form a sufficient basis to maintain an action for fraud. It would amount to no more than an expression of opinion. It does not appear that plaintiff was misled by such statement. The entire evidence is inconsistent with the view that the defendant intended to, or did, actually deceive or mislead the plaintiff by false or fraudulent representations of fact.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.·